Argued at Pendleton May 6, modified and remanded June 17, 1919.

## STATE *v.* NEWLIN.*

(182 Pac. 135.)

**Criminal Law—Intoxicating Liquors—Former Conviction—Separate Offenses—Question for Jury.**

1. Where druggist discussed unlawful sale of intoxicating liquors to two customers, to whom, later in the day, at different times, he sold liquor, each sale was complete in itself and a separate offense, and the submission to the jury of the question of former conviction *held* not justified.

> [As to being twice in jeopardy for same offense, see note in 64 Am. St. Rep. 381.]

**Intoxicating Liquors—Criminal Prosecution—Separate Offenses.**

2. Where seller of intoxicating liquors makes unlawful sale to customer who pays for the liquor and removes it from seller's place of business and thereafter returns and buys another package of liquor, the two sales constitute two separate offenses.

**Criminal Law—Third Offense—Indictment.**

3. Defendant cannot be convicted of third offense and sentenced accordingly, in the absence of an allegation in the indictment charging the prior conviction.

From Union: JOHN W. KNOWLES, Judge.

In Banc.

The defendant was indicted and tried for the crime of having sold intoxicating liquor to one John E.

---

*For authorities passing on the question as to right to convict for several violations of the liquor law growing out of same facts, see note in 31 L. R. A. (N. S.) 707, 712, 725.

As to necessity for allegation in indictment of defendant's previous conviction to impose increased penalty, see notes in 23 Cyc. 290; 24 L. R. A. (N. S.) 432, 436; 9 Ann. Cas. 768.        REPORTER.

Smith. The circumstances of the alleged offense are set forth in the statement preceding the opinion in the case of the *State* v. *Newlin, ante,* p. 589 (182 Pac. 133), in which case we set aside the judgment pronounced upon a conviction for having sold intoxicating liquor to one Ed Johnson. In addition to a plea of guilty, defendant entered a plea of former conviction, based upon the judgment rendered in the case of the *State* v. *Johnson.*

There was a verdict of guilty as charged, and the court, assuming judicial knowledge of the conviction in the Johnson case, and in some other case the particulars of which do not appear herein, sentenced the defendant, as upon a third conviction, to pay a fine of $100, and be imprisoned in the county jail for a period of one year, as provided in Section 36, 1915, Oregon Laws. Other facts appear in opinion.

MODIFIED WITH DIRECTIONS.

For appellant there was a brief with oral arguments by *Mr. Francis S. Ivanhoe* and *Mr. R. J. Green.*

For the State there was a brief over the names of *Mr. John S. Hodgin,* District Attorney, and *Mr. George M. Brown,* Attorney General, with an oral argument by *Mr. Hodgin.*

McBRIDE, C. J.—The prosecution followed the general line adopted in *State* v. *Newlin, ante,* p. 589 (182 Pac. 133), which involved a sale of intoxicating liquors to Ed Johnson, and the rulings of the court on the questions there involved were practically the same, the new questions involved being substantially the plea of *autrefois convict,* and the sentence as for a third conviction.

1, 2. There was no evidence to justify the submission to the jury of the question of former conviction. While the matter of purchasing the liquor was discussed by the defendant in the presence of both Smith and Johnson, the sale to each was separate and complete in itself. Smith went alone and paid for his bucket of bottles with his own money and with the intention of thereby procuring evidence to convict the defendant of an unlawful sale. When he paid for the liquor and took it away the transaction was complete, and so far as he was concerned he was the sole owner of the liquor so purchased, if anyone can be said to be the owner of liquor disposed of and received under such circumstances. Johnson went later and paid $21.50 for his bucket of bottles and took it away for his own purposes, and Smith had no interest in the result of the transaction. In fact, if Smith had purchased the $50 package of liquor and paid for it and taken it away first and afterwards had returned and taken the $21.50 package and paid for it, these acts would have constituted two separate offenses.

This is a much stronger case against defendant than *State* v. *Stewart,* 11 Or. 52, 238 (4 Pac. 128), in which it was held that a person may, by one act, commit two distinct crimes, a particular instance of which is where a person by a single shot wounds or kills two people. The plea was not sustained by any evidence.

3. It is suggested in the brief that the court erred in imposing a sentence as for a third conviction. There is no allegation in the indictment that the defendant had been previously convicted of like offenses, and, as shown in the Johnson case just decided, such a sentence was not authorized in the absence of a proper allegation in the indictment: 22 Cyc. 256.

For this error the judgment of the Circuit Court is set aside and the cause remanded with directions to re-sentence defendant without regard to any previous conviction. In all other matters the proceedings of the lower court are affirmed.

REMANDED WITH DIRECTIONS.

BURNETT, BENSON and HARRIS, JJ., concur in the result.