## STATE v. STEWART.

FORMER CONVICTION—TWICE IN JEOPARDY.—The plea of a former conviction must be upon a prosecution for the same identical offence. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence.

WITNESSES—THEIR PRIVILEGES AND RIGHTS.—The same principle which assures to a witness the privilege of explanation when contradictory declarations are offered, applies to assure him the right of explanation when declarations of hostility are sought to be introduced.

APPEAL from Clatsop County. The facts are stated in the opinion.

*C. W. Fulton*, for appellant.

*T. R. McBride*, district attorney, for the state.

By the Court, LORD, J. :

The defendant was indicted, and after trial, convicted in the circuit court of Clatsop county for the crime of kidnapping. The defence interposed the plea of a former conviction of an assault and battery, prosecuted before a justice of the peace, an offence punishable as a misdemeanor. The plea of a former conviction must be upon a prosecution for the same identical crime. And this depends upon the principle that no person shall be put in jeopardy twice for the same offence. 4 Blk. Com., 336.) " The test is not wheth-

er the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence. A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal, or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Gray, J., in *Morey* v. *Commonwealth*, 108 Mass., 434.) The offense charged in the former and in the present case are not only distinct, but the evidence required to support the one would fall far short of establishing the other, and in such case, Mr. Chitty says: "It is inconsistent with reason, as it is repugnant to the rules of law to say, that the offences are so far the same that an acquittal of the one will be a bar to the prosecution of the other." (Chit. Crim. Law, 453; *Commonwealth* v. *Roby*, 12 Pick., 496.)

It is also objected that the court erred in refusing to permit George Hill to answer the question put for the purpose of impeaching and showing the hostility of the witness, James Cannon. As the object of this proof was to show hostile declarations, the ground of the court's refusal was that the foundation therefor had not been properly laid. The argument is that the same strictness of rule is not observed, nor expedient from the nature of the case, in showing hostile declarations of a witness for the purpose of affecting the value of his testimony as in admitting contradictory statements for the same purpose. The object of the proof is the same, and the same reason exists to refresh his memory with the particular facts, and afford him an opportunity for explanation. In *Baker* v. *Joseph* the court say: "No mode of ascertaining the state of feelings of the witness exists except that disclosed by the declarations, or the acts of the witness sought to be impeached by these declar-

ations. The same principle, which assures to him the priv-
ilege of explanation when contradictory declarations are
offered, applied to assure him the right of explanation when
declarations of hostility are sought to be introduced. We
can see no distinction between admitting declarations of
hostility of the witness, by the way of impairing the force
of his testimony, and admitting contradictory statements for
the same purpose; for in either case, an opportunity should
be given the witness to explain what he said." (1 Wharton
Law Ev., sec. 566; *Davis, et al.* v. *Franke*, 33 Gratt.,
425.) The judgment of the court below is affirmed.

WALDO, J., concurring.

Judgment affirmed.