[Argued February 6; decided February 26, 1894.]

## STATE *v.* HUNTLEY.
### [S. C. 35 Pac. 1064.]

BURGLARY — CONSTUCTIVE BREAKING — Code, §§ 1758, 1762.—Under an indictment for burglary charging a forcibile breaking, it is sufficient to show that the entry was unlawful and without force. Section 1762, Hill's Code, enlarges the scope of section 1758 so that any unlawful entry is a breaking and entering.

APPEAL from Marion: GEO. H. BURNETT, Judge.

The defendant, A. S. Huntley, was convicted of the crime of burglary under an indictment, the charging

part of which is as follows: "The said A. S. Huntley, on the fifteenth day of November, A.D. eighteen hundred and ninety-two, in the county of Marion, and state of Oregon, then and there being, did then and there unlawfully and feloniously break and enter, in the nighttime, a dwelling-house, in which there was at the time a human being, to wit, Isabelle McKillop, with intent to commit the crime of adultery therein, by then and there forcibly breaking the window and window shutters of such house."

AFFIRMED.

*Messrs. B. F. Bonham* and *W. H. Holmes,* for Appellant.

*Messrs. Geo. E. Chamberlain,* Attorney-General, and *James McCain,* District Attorney, for Respondent.

Opinion by MR. JUSTICE BEAN.

The only assignment of error on this appeal is the giving of the following instructions by the trial court: "To constitute a breaking, within the meaning of the law, it is not necessary that the structure of the dwelling-house should be demolished in any degree. Any unlawful entry into a dwelling-house where there is a human being at the time, with intent to commit a crime therein, would constitute a breaking within the meaning of the statute, although the defendant may have gone in at an open door." And, "if you find from the evidence beyond a reasonable doubt that the defendant entered the dwelling-house named in the indictment, in the nighttime, and against the will of those in charge thereof, with intent to commit the crime of adultery named in the indictment, then the entry was unlawful and the defendant should be convicted however the entry may have been made." These instructions substantially define a

breaking within the meaning of section 1762 of Hill's Code, which provides: "Every unlawful entry of a dwelling-house, with intent to commit a crime therein, shall be deemed a breaking and entering of said dwelling-house within the meaning of section 1758." But the contention for defendant is that, the state having elected to charge a forcible entry by breaking the windows and window shutters of the house, it was not competent for it to prove a constructive breaking as defined in section 1762; the argument of counsel being that, in order to bring a cause within the provisions of the section last noted, the indictment should not have charged an actual breaking. But we do not so understand the law. Section 1758, under which this defendant was indicted, provides that if any person shall break and enter any dwelling-house in the nighttime, in which there is at the time some human being, with intent to commit a crime therein, etc., he shall be punished as in the section provided; and section 1762 simply defines an unlawful entry or breaking within the meaning of section 1758, or, in other words, provides a rule of evidence by which such breaking may be proven. As was said by the supreme court of Wisconsin, in construing a similar section: "This section merely establishes a rule of evidence whereby the scope of constructive breaking is enlarged so as to take in any unlawful entry of a dwelling-house or other building with intent to commit a felony": *Nicholls* v. *State*, 68 Wis. 416, 60 Am. Rep. 870, 32 N. W. 543. Under the statutes of this state the wrongful entry of a dwelling-house, with the intent to commit a crime therein, constitutes burglary, and, while it is proper, if not necessary, to charge in the indictment an actual breaking, it is sufficient on the trial to show that the entry was an unlawful one.

The assignment of error based on the refusal of the trial court to grant a new trial has so often and repeat-

edly been held untenable in this court that it requires no further consideration. It follows from what has been said that the judgment of the court below must be affirmed.

AFFIRMED.