Argued April 19, affirmed May 31, 1927.

## STATE *v*. KAY NODINE.

(256 Pac. 387.)

Criminal Law—Claim of Former Conviction Without Giving Name of Court, Date of Trial or Judgment Rendered, was Insufficient as Plea of Former Jeopardy.

1. In prosecution for possessing intoxicating liquor, statement of defendant's counsel that defendant entered plea of former jeopardy on facts which would prevent prosecution for offense *held* insufficient to constitute plea of former jeopardy for failure to give name of court where former case was tried, date of trial, or indicate that any judgment was ever rendered.

**Criminal Law—Former Jeopardy Plea was not Rendered Available, in Prosecution for Possessing Liquor, by Former Conviction for Sale of Same Liquor (Or. L., § 2224, Subd. 4).**

2. In prosecution for unlawfully possessing intoxicating liquor, former conviction under Section 2224, subdivision 4, Or. L., for sale of identical liquor, was not available under claim of former jeopardy.

**Intoxicating Liquors—Possession of Liquor is not in Itself Part of Offense of Sale (Or. L., § 2224, Subd. 4).**

3. Possession of liquor, forbidden by Section 2224, subdivision 4, Or. L., is not necessarily constituent element in sale thereof, and does not in itself constitute part of offense of sale.

**Intoxicating Liquors—Sale and Possession of Liquor are "Distinct Offenses" (Or. L., § 2224, Subd. 4).**

4. Possession and sale of liquor, made unlawful under Section 2224, subdivision 4, Or. L., constitute distinct and separate crimes.

**Criminal Law—Two Crimes may be Committed by Same Act.**

5. It is competent for person by one act to commit two crimes.

**Criminal Law—Testimony That Persons, not Witnesses, Alleged to have Purchased Liquor from Defendant, had Sought to Obtain Liquor to Frame Charge Against Him, Held Inadmissible.**

6. In prosecution for possessing liquor, testimony that persons, alleged to have purchased liquor from defendant, had applied for information as to where they could get some liquor in order to frame up charge against him, *held* inadmissible, as tending to introduce outside element into trial, where such persons were not witnesses.

**Criminal Law—Testimony That Third Person had Threatened Crime of Which Defendant is Accused is Inadmissible.**

7. Evidence that third person had threatened to commit crime for which defendant is accused is generally inadmissible, as involving trial of person not before court.

---

Criminal Law, 16 C. J., p. 279, n. 55 New, p. 417, n. 3, p. 420, n. 45, 51, p. 423, n. 76, 84.

From Curry: JOHN C. KENDALL, Judge.

Department 1.

On the fourteenth day of September, 1926, the appellant was tried and convicted in the Circuit Court for Curry County upon an indictment charging him

---

2. Identity of offenses in plea of former jeopardy, see note in 92 Am. St. Rep. 89.
5. See 8 R. C. L. 148.

with the crime of unlawfully possessing intoxicating liquor on the eleventh day of September, 1926. From a judgment and sentence based upon the conviction, he appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. John D. Goss, Mr. Herbert Murphy* and *Mr. M. W. Skipworth,* with an oral argument by *Mr. Goss.*

For respondent there was a brief over the name of *Mr. Collier H. Buffington.*

McBRIDE J.—It was brought out upon examination, during the trial, that the defendant had been arrested on or about the twelfth day of August, 1926, for selling intoxicating liquor to Ed Porterfield and John Cox, and it appeared upon the trial in that case that the liquor alleged to have been possessed and sold to Porterfield and Cox was the identical liquor for the possession of which the defendant was indicted in the present action. It is claimed here, and was so urged upon the trial, that the alleged conviction of the defendant on the charge of selling intoxicating liquor to Porterfield and Cox is a bar to the present action, although no former plea of former jeopardy or former conviction was entered. It is contended here that the statement, made by counsel upon and during the trial after several witnesses on behalf of the state had testified, amounts to a plea of former jeopardy.

1. The statute provides, among other things, that after defendant's right to move to set aside the indictment, and his demurrer, if any is offered, has been overruled, he may enter a plea of guilty or not guilty, or of former conviction or acquittal; and the

statute provides the form in which such plea shall be entered in the journal. The form provided is as follows:

"The defendant pleads that he has already been convicted (or acquitted as the case may be) of the crime charged in this indictment, by the judgment of the court of —— (naming it), rendered at —— (naming the place), on the —— day of ——, 19—."

The law requires the plea to be oral and entered on the journal substantially in the form above quoted.

The nearest that the defendant came to entering this plea is the statement of his counsel during the trial, which is as follows:

"I contend, so that it may appear of record, this is the first time we have been able to ascertain that this was the same facts upon which they base these offenses, and we will and do at this time, as soon as we are able to, enter a plea of former jeopardy on the facts, which would prevent a prosecution for this offense at this time."

2, 3. The above statement seems to us to be far from the requirements of the Code in that it does not give the name of the court in which the former case was tried, the date of the trial, or indicate that any judgment was ever rendered by the justice before whom it was alleged to have been had. For this reason, we do not consider that any plea of former jeopardy, sufficient to meet the requirements, either of the statute or of common law, was made in this case, and if it were, upon the facts which cropped out in the course of the trial, we do not think it would be available. Defendant proceeds upon the theory that the possession of the liquor by the defendant was a constituent element in the sale of it to Porterfield and Cox, which is not necessarily the case. If the defendant had been in the possession of the liquor and had never sold it or delivered it to

anybody, the complete crime of possession would have been committed. Subdivision 4 of Section 2224, Or. L., provides, among other things, the following:

"It shall be unlawful for any person to receive, import, possess, transport, deliver, manufacture, sell, give away or barter any intoxicating liquor within this state," etc.

4–7. All these provisions are not part of a single crime, but each expresses a distinct crime and, therefore, while selling is one crime, possession is another and a distinct crime, and is entirely complete in itself whether the liquor so possessed is sold or retained by the possessor. It is competent for a person by one act to commit two crimes: *State* v. *Stewart,* 11 Or. 52. In this case, while possession of the liquor might have been incident to the crime of selling it, it was not in itself a part of that offense and its being shown in the case was merely incidental to the main fact of the charge of selling. So, the contention of the counsel, while ingenious, must be repudiated. A more difficult question arises upon an effort by counsel to show that the parties, who, it is alleged, purchased this liquor of defendant, threatened a day or two before, on account of some ill feeling between them and defendant, *to get the defendant* and applied to a witness, whose testimony offered to prove such application, to inform them where they could get some liquor to the end that they could, in substance, frame up a charge against defendant. This testimony was rejected by the court. The general rule is that defendant's case cannot be bolstered up by showing that somebody else had threatened to commit the crime for which he is accused, because any attempt to go into that

subject would practically be a trial of a person not
before the court and would lead to an interminable
discussion. That is to say, if A is accused of kill-
ing B, it is not competent to show that C, another
party, had threatened to kill B. The position is
established by a multitude of authorities. The case
at bar is not altogether analogous, but the reasons
for excluding such testimony are similar. Had Por-
terfield and Cox been witnesses in the case at bar,
evidence of such declarations on their part would
clearly have been admissible as an impeachment of
the credibility of their testimony; but they were not
witnesses and the evidence shows that they had ab-
sented themselves from the state for reasons not
shown, but, possibly from fear of arrest and trial
for their participation in the purchase of the liquor.
The only case that bears favorably at all toward
defendant's position is *State* v. *Coss,* 53 Or. 462 (101
Pac. 193), but that case is easily distinguishable
from this. In that case the complaining witness in
the prosecution of Coss for rape was asked if she
had been conferred with by two other persons, one
the divorced wife, and the other a brother of Coss,
shown to be bitter enemies of defendant, and if this
prosecution had been suggested by them, to which
questions she answered in the negative. The fact
of their enmity to the defendant and their intimacy
with the prosecuting witness and expressed inten-
tion of seeing the defendant prosecuted was offered
in evidence and was overruled by the Circuit Court.
This action of the Circuit Court was held erroneous
by the Supreme Court. That decision, while very
close to the line, was no doubt correct under the cir-
cumstances, as it tended to throw some light upon
what had influenced the prosecuting witness to make
the charge and testify to it in court. But it is not

contended in this case that any witness for the prosecution was in any way influenced by the alleged actions of Porterfield and Cox. It was simply introduced for the purpose of showing by such declarations whether it was probable that they had framed up a case against defendant, and, as said before, this testimony would have been admissible had they appeared as witnesses upon the trial. While the offer of their evidence presents an exceedingly plausible excuse for admitting it, consideration of the highest public policy indicates if a proceeding of this kind were introduced into the trial of criminal cases, such outside element would make many trials almost interminable and would be in fact an impeachment of persons not before the court either as witnesses or parties. These are the chief contentions in this case, and their solution against the contention of defendant renders an affirmation of the judgment of the lower court necessary, and it is so ordered.

AFFIRMED.

BURNETT, C. J., and RAND and COSHOW, JJ., concur.