Argued July 8, affirmed September 8, 1965

# STATE OF OREGON *v.* MORRIS
### 405 P. 2d 369

*Robert G. Danielson,* Sweet Home, argued the cause for appellant. On the brief were McFarlan & Danielson, Sweet Home.

*Courtney R. Johns,* District Attorney, Albany, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

This is an appeal from a conviction of first-degree murder.

The only assignment of error challenges the giving of the statutory "felony-murder" instruction. The defendant contends that the instruction was not appropriate under the evidence and was prejudicial.

The evidence tended to prove that, after arming himself with a pistol, the defendant, about 2:00 a.m., paid a visit to the home where his estranged wife and son were living with one Milton Libby. Defendant knocked on the front door. His wife turned on the light and went to the door but did not open it. The defendant fired his pistol. The bullet went through the glass of the door, and wounded his wife in the head. Defendant then broke out another pane of glass in the door. Defendant's son then came to the door, and defendant prevailed upon him to unlock the door. The jury could have found that the boy was frightened and confused and that the defendant pretended to throw his gun away before the boy let him in. Defendant and Libby met in the front room. Defendant shot Libby, wounding him in the abdomen. Defendant then went looking through the house for his wife, but failed to find her. He then returned to the place where

Libby was lying on the floor, and shot Libby in the head, killing him.

Apparently in the belief that without a felony-murder instruction the jury might be disinclined to view the above-described transaction as first-degree murder, the state requested the court to instruct the jury that if the killing of Libby occurred in the commission of the crime of burglary, the proof of the burglary would be equal to the proof of premeditation and deliberation necessary to constitute murder in the first degree. The court gave the requested instruction.

The defendant contends that he was not engaged in the commission of a burglary, and that to instruct the jury that it could find that he was so engaged denied him the benefit of one of his theories of defense: crime of passion, without premeditation. (His first line of defense apparently was that the killing was in self-defense.)

■■ We find no error in the challenged instruction. The jury was free to believe the defendant's story if it wanted to. If, however, it chose to believe the state's witnesses, there was ample evidence that a burglary was being committed. The burglary may have been incidental to the defendant's primary purpose, which was to kill his wife and her companion, but the state was not bound to ignore the burglary. The district attorney had the right to try to prove an objective fact, burglary, in addition to a subjective one, the state of the defendant's mind.

Burglary in this state is defined by statute. ORS 164.220 and 164.230.[1] Whether or not the defendant's

---

[1] 164.220 "Every unlawful entry of a dwelling house, with intent to commit a crime therein, is a breaking and entering of the dwelling house within the meaning of ORS 164.230. Every unlawful entry of any building, booth, tent, railroad car, vessel,

conduct amounted to a common-law burglary is therefore irrelevant. The question is whether there was evidence from which the jury could have believed that he violated a statute which denounces certain acts and characterizes them as burglary. *People v. Barry,* 94 Cal 481, 29 P 1026 (1892).

■ It is manifest that the defendant entered the house unlawfully, that there were one or more human beings present therein, and that he intended to commit one or more crimes therein. These facts constitute burglary. *State v. Huntley,* 25 Or 349, 35 P 1065 (1894).

Affirmed.

---

boat, or other structure or erection mentioned in ORS 164.240, with intent to steal or commit any felony therein, is breaking and entering of the same within the meaning of ORS 164.240."

164.230 "Any person who breaks and enters any dwelling house with intent to commit a crime therein, or having entered with such intent, breaks any dwelling house, or is armed with a dangerous weapon therein, or assaults any person lawfully therein, is guilty of burglary, and shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years."