Argued November 30, 1970, modified April 29,
petition for rehearing denied June 23, 1971

STATE OF OREGON, *Respondent, v.*
MILDRED JEAN WOOLARD C-50699, *Petitioner.*
484 P2d 314
485 P2d 1194

In Banc

*Kenneth C. Hadley,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

DENECKE, J.

1. The question in this case is whether the defendant can be convicted and sentenced for the crimes of burglary and larceny, both of which arose out of the same criminal conduct and were charged in two counts in the same indictment.

The indictment charged the defendant with burglary in a dwelling, committed on March third by breaking and entering Apartment 434 with the intent to steal. The second count charged her with larceny in a dwelling, committed on March third by stealing property in Apartment 434. The evidence was that the defendant broke into Apartment 434 and stole property. At the close of the evidence the defendant moved for an acquittal on one or the other of the counts upon the ground that they had identical elements. The jury convicted the defendant on both counts and the trial court sentenced her on each count to six years in the penitentiary, the sentences to run concurrently. The defendant appealed and the Court of Appeals affirmed.

When we granted the petition for review we were of the opinion that possibly a constitutional issue was involved. Both parties stated at oral argument that no constitutional issue was involved and our study causes us to reach the same conclusion.

In attempting to identify the problem we believe it significant that in this case a course of conduct violates two separate statutes. This situation should be distinguished from a course of conduct which violates the same statute several times. *State v. Clark*, 46 Or 140, 80 P 101 (1905). We also believe the problem is not identical to that in which the defendant is prosecuted in successive trials for crimes arising out

of the same conduct. *Hoag v. New Jersey*, 356 US 464, 78 S Ct 829, 2 L Ed2d 913, reh den 357 US 933, 78 S Ct 1366, 2 L Ed2d 1375 (1958), but see *Ashe v. Swenson*, 397 US 436, 90 S Ct 1189, 25 L Ed2d 469 (1970).

In deciding the issue before us, courts have used various lines of reasoning. *State v. McAfee*, 78 NM 108, 428 P2d 647 (1967), held the defendant could be sentenced to consecutive terms for burglary and larceny. The court categorized the problem as one of "merger."

> " '* * * The true test of whether one criminal offense has merged in another * * * is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. * * * If a defendant commits a burglary and while in the burglarized dwelling he commits the crimes of rape or kidnapping, his crimes do not merge, for neither of them is necessarily involved in the other. When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for *both*. * * *' "
> 78 NM at 110-111.

In deciding whether a defendant could be tried a second time for another crime committed in the same course of conduct, this court has used a somewhat similar test. In *State v. Stewart*, 11 Or 52, 4 P 128 (1883), the issue was whether the defendant who had been convicted of assault and battery was put in double jeopardy by subsequently being convicted of kidnapping, both the assault and the kidnapping being accomplished by the same course of conduct. This depended, the court stated, upon whether the two crimes required the same proof.

> " '* * * The test is not whether the defendant has already been tried for the same act, but whether

he has been put in jeopardy for the same offence. A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal, or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' (Gray, J., in *Morey v. Commonwealth*, 108 Mass., 433.) * * *." 11 Or at 52-53. *Accord*, *State v. Weitzel*, 157 Or 334, 340, 69 P2d 958 (1937); *State v. McDonald*, 231 Or 48, 52-53, 365 P2d 494 (1962).

Without indicating whether this court continues to regard that test as the acceptable one to determine whether double jeopardy has been imposed, we do not consider that test as appropriate to determine whether the defendant can be convicted and sentenced for burglary and larceny both committed in the same course of conduct. The test is purely mechanical; it does not deal with the question of whether the legislature intended to allow the state to convict for both offenses. Remington and Joseph, *Charging, Convicting, and Sentencing the Multiple Criminal Offender*, 1961 Wis L Rev 528, 565.

This court and others have held that whether or not a defendant could be convicted either in single or successive trials for two offenses arising out.of the same course of conduct depends upon the intent of the legislature in enacting the statutes creating the offenses. *State v. Howe*, 27 Or 138, 44 P 672 (1895); *State v. Nodine*, 121 Or 567, 256 P 387 (1927); *State v. Gerritson*, 124 Or 525, 265 P 422 (1928).

The United States Supreme Court has used this same approach and decided whether the Congress intended to allow two convictions and sentences for crimes arising out of the same conduct, or only one.

In *Prince v. United States*, 352 US 322, 77 S Ct 403, 1 L Ed2d 370 (1957), the defendant was indicted, convicted and sentenced on two counts,—one for stealing money from a bank and the other for entering a bank with the intent to commit a robbery. The statute made each a crime. The Court held he could be sentenced for only one of these crimes:

> "We hold, therefore, that when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years, but that, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent.

> "While reasonable minds might differ on this conclusion, we think it is consistent with our policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language of its laws clearly imports in the light of pertinent legislative history." 352 US at 329.

The Oregon statutes, like the United States statutes interpreted in the two cases above cited, do not expressly indicate any legislative intent. ORS 164.230 provides:

> "Any person who breaks and enters any dwelling house with intent to commit a crime therein, or having entered with such intent, breaks any dwelling house, or is armed with a dangerous weapon therein, or assaults any person lawfully therein, is guilty of burglary, and shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years."[1]

---

[1] Two related statutes, burglary not in a dwelling and burglary by breaking out of a dwelling, are:

ORS 164.240: "Any person who breaks and enters any building within the curtilage of any dwelling house, but not forming a

ORS 164.320 provides:

"Any person who commits larceny in any dwelling house, banking house, office, store, shop or warehouse, or in any ship, steamboat or other vessel, or breaks and enters any church, courthouse, meeting house, town house, college, academy or other building erected or used for public uses, and commits larceny therein, shall be punished upon conviction by imprisonment in the county jail for not more than one year or in the penitentiary for not more than seven years."

The most significant feature of the two statutes is that the mere preliminary act of breaking and entering a dwelling with intent is regarded by the legislature as being much more anti-social than larceny from a dwelling. This is exhibited by the maximum penalty for burglary being fixed at 15 years, whereas the maximum for larceny from a dwelling is seven years. The heinous nature with which the legislature regarded the preliminary act of breaking and entering a dwelling is further accented by the fact that an intent to commit a serious crime like larceny or any other felony is unnecessary. The requisite intent for burglary exists if there is an intent to commit any crime, no matter how trivial. *State v. Huntley*, 25 Or

---

part thereof, or breaks and enters any building or part thereof, booth, tent, railroad car, vessel, boat, or other structure or erection in which any property is kept and which is not a dwelling house, with intent to steal or to commit any felony therein, is guilty of burglary and shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years."

ORS 164.250: "Any person who, having committed or attempted to commit a crime in the dwelling house of another, breaks, in the nighttime, any outer door, window, shutter, or other part of the house to get out of the house, is guilty of burglary, and shall be punished upon conviction by imprisonment in the penitentiary for not more than three years."

349, 35 P 1065 (1894) (intent to commit a misdemeanor).

Under these circumstances, in the absence of some indication that the legislature had a contrary intent, we interpret our statutes to provide that one breaking and entering with the intent to commit larceny can only be convicted and sentenced for either burglary or larceny, but not for both.

The American Law Institute arrived at the same conclusion and recommended a statute expressly forbidding a sentence for both burglary and larceny.②

The comments to this section of the Model Penal Code state:

"\* \* \* Since the severe penalties for burglary are devised largely to provide aggravated penalties for theft committed by lawless intrusion, it is irrational to *cumulate* theft and burglary penalties. \* \* \*" Model Penal Code § 221.1, Comment (Tent Draft No. 11, 1960).

Our decision should not be interpreted too broadly. We are only prohibiting the convicting and sentencing for both burglary and larceny. We are not thereby barring the charging of both offenses. We are only concerned with burglary and larceny, the crime

---

② Model Penal Code § 221.1 (3): "A person may not be sentenced on the basis of the same conduct both for burglary and for the offense which it was his purpose to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constituted a felony of the first or second degree."

Note that if the burglar intends to commit a crime more serious than larceny, this statute does not apply. As the comment on the section at p 61 points out, however, under the sentencing provision of the Model Penal Code, the total maximum sentence for a conviction of both burglary and a felony of the second degree would be 15 years.

the defendant intended to commit when she broke and entered. We do not intend to bar the conviction and sentence for some crime not intended at the time of breaking and entering but committed after the breaking and entering. Our decision is limited to circumstances involving the unique crime of burglary and is not intended to indicate an opinion on the wider subject of whether a defendant can be convicted and sentenced for two or more crimes of any nature committed during the same transaction or course of conduct.

The Court of Appeals, in holding the defendant could be convicted of both burglary and larceny, relied upon our decision in *State v. Kennedy*, 250 Or 422, 443 P2d 226 (1968). Such reliance was reasonable as that was the only decision related to the issue in which a broad statement was made indicating that the defendant could be sentenced for both burglary and larceny. As the opinion in *State v. Kennedy*, supra, states, the issue of multiple convictions was not raised at trial, and, therefore, the matter was not before us. In addition, in *State v. Kennedy*, supra, the contention on appeal was that the defendant could not be convicted for both concealing and larceny or burglary. The authority to convict and sentence for larceny and burglary was not questioned.

The conviction and sentence of the defendant for the crime of larceny is vacated. The conviction and sentence for burglary is affirmed.

O'CONNELL, C. J., specially concurring.

I would expand upon the reasoning of the majority opinion to explain more fully the basis upon which a defendant may be convicted where he is

prosecuted both for burglary and the crime which was committed after the entry.

Where burglary is defined as a breaking and entering with the intent to commit a theft it seems apparent that the penalty for burglary is intended as an enhanced penalty for theft. If, then, the defendant is sentenced for the burglary, he should not be sentenced for the theft. It would also follow that if the defendant is convicted of the crime of burglary, he should not be convicted of the theft which followed it. Thus the case of *Prince v. United States*, 352 US 322, 77 S Ct 403, 1 L Ed2d 370 (1957), relied upon in the majority opinion, is in accord with this analysis.

Where, however, burglary is defined more broadly, as in Oregon, to include a breaking and entering with the intent to commit any crime, the problem becomes more difficult. If the defendant breaks and enters with the intent to commit murder and he carries out his purpose, it is possible to argue that the trial judge should have the power to enhance the penalty for murder because of the breaking and entering.[1]

It appears to me, however, that the penalties provided for the more serious crimes are adequate to provide the basis for sentencing where the crime is aggravated by an unlawful intrusion. In the absence of some indication that the legislature had a contrary objective, I would so construe our statutes. I would hold, therefore, that where the defendant breaks and enters with the intent to commit a specific crime and commits it, the state may prosecute for the two crimes but that the defendant may be convicted and punished for only one of them.

McALLISTER, J., joins in this opinion.

---

[1] The Model Penal Code adopts this reasoning. See Model Penal Code § 221.1(3) (Proposed Official Draft May 4, 1962).

HOWELL, J., dissenting.

The burglary statute, ORS 164.230, does not require that the breaking and entering be made with the intent to commit any specific crime. The accused could have the intent to commit one or several crimes at the time. In my opinion, the breaking and entering with the intent to commit a crime—in other words, the burglary—and the subsequent crime committed, whether it be larceny, rape or assault, are entirely separate and distinct criminal acts involving different elements. I see no reason, under these circumstances, why the accused should not be convicted and sentenced for both crimes.

BRYSON, J., joins in this dissent.

ON PETITION FOR REHEARING

In Banc

Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem, for the petition.

No appearance contra.

DENECKE, J.

Plaintiff has filed a petition for rehearing.

Although we remain convinced that our decision was correct, we believe that the opinion needs clarification with respect to the choice open to the trial judge in convicting and sentencing a defendant found guilty of both burglary and larceny or some other crime intended at the time of breaking and entering.

2. The opinion could be interpreted as allowing the trial judge the option of sentencing the defendant either for the crime of burglary or the crime of larceny. We did not intend to so hold. The rationale of the principal opinion is that the breaking and entering essential to the crime of burglary is not to be viewed separate and apart from the ensuing criminal act which the defendant entered to commit. We did not feel that the legislature would have provided a 15-year penalty if burglary had been looked upon simply as a form of criminal trespass to property—and so we reasoned that the heavy penalty for the crime of

burglary was intended to embrace also the penalty for the larceny which might follow. Accepting this assumption of legislative purpose, we do not think that the legislature would have intended to repose in the trial judge the option to sentence for either crime in his uncontrolled discretion. It is more reasonable to assume that if the defendant was found guilty of the crime of burglary, the trial judge would be bound to sentence him for the more serious crime against society. We so interpret the statute.

3. On the other hand, if the defendant broke and entered with the intent to commit a crime carrying a greater maximum sentence than burglary and the defendant did commit such crime, the trial court would be bound to convict and sentence the defendant for the more serious crime.

Howell and Bryson, JJ., dissent for the reasons stated in their dissent in the original opinion.