Argued June 25, affirmed August 12, reconsideration denied
September 18, petition for review denied October 15, 1974

# STATE OF OREGON, *Respondent, v.* KATHLEEN SUSAN OVEROSS (No. 33220), *Appellant.*

525 P2d 176

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant was convicted by a jury of the crimes of first degree assault, ORS 163.185, and attempted murder, ORS 163.115. Both convictions arose out of the same occurrence and involved the same victim. The

trial court, prior to sentence, vacated the conviction for the crime of first degree assault and imposed a sentence of eight years for the crime of attempted murder. Defendant appeals, raising three assignments of error.

The first assignment of error contends the two indictments should not have been consolidated for trial. One indictment, No. 32951, ruled by the trial court as charging assault in the first degree, was returned February 7, 1973. The second indictment, No. 33220, charging attempted murder, was returned March 21, 1973. The events leading to the charges were both alleged to have occurred on February 3, 1973.

On April 30, 1973, at the time defendant entered her plea of not guilty to the second indictment, the record shows:

"MR. LITTLEHALES [Deputy District Attorney]: Let the record show, Your Honor, that the State has delivered to the defendant, through her attorney, a certified copy of the new indictment.

"THE COURT: Very well. Proceed.

"MR. BARTON [attorney for defendant]: Her name is spelled correctly. We will waive the formal reading of the charge, enter the same plea as we entered the last time, Your Honor.

"THE COURT: Very well.

"MR. LITTLEHALES: We would move that this be consolidated for trial, both of these be handled at the same time.

"MR. BARTON: I will join in that motion.

"THE COURT: Very well. It will be so ordered."

■ Defendant made no further effort until the afternoon before trial to again bring the matter to the court's attention. In view of defendant's prior express

consent to the joinder, and in the absence of anything transpiring in the interim affecting the matter or explanatory of the delay, we think that defendant's present contention that she should have been tried on only one of the charges is untimely. Nor is there any showing of prejudice. There was no abuse of discretion. Furthermore, the trial court sentenced the defendant only on the greater charge and, as stated, vacated the conviction for the lesser charge. *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971). The assignment is without merit.

The second assignment challenges the admission into evidence of a series of photographs of the victim taken in the hospital shortly after her initial treatment to show the nature, type and extent of the head wounds sustained by her. The physician who had treated her was the witness through whom the exhibits were received.

■ The state's theory in the case was that the 67-year-old victim had been beaten repeatedly over the head by the defendant with a fireplace poker while in her own home. The defendant, a neighbor who was visiting her that evening, contended that the victim, apparently feeling suddenly ill, had fallen while near the fireplace, striking her head on a piece of crockery upon the raised hearth and then upon the hearth itself. The nature, shape and location of the wounds upon the victim's head, shaved as it was for the suturing of the many wounds and thus depicted in the photographs, were not only relevant, but of very substantial importance in the establishing of the state's theory. Defendant contends, because the treating doctor testified he did not need the photographs for the purposes of his testimony, due to their "gruesome" nature, it was

unduly prejudicial to admit them. The doctor's need of the exhibits for the limited purposes of his testimony, relating primarily to what he observed, the treatment administered, and the condition of the victim, does not, however, preclude the exhibits as being valuable to the jury, both in understanding and evaluating his testimony. Nor, of course, does it affect their admissibility for other proper purposes—as for example here in aiding the jury in its difficult and essential task of determining how the victim sustained her injuries.

██ In *State v. Tucker,* 5 Or App 283, 290, 483 P2d 825, Sup Ct *review denied* (1971), we said:

> "Whether an exhibit possesses sufficient probative value in relation to its possible prejudicial effect to warrant its admission is within the sound discretion of the court, as is the matter of cumulativeness.

> "In *State v. Freeman,* 232 Or 267, 274-75, 374 P2d 453 (1962), the Oregon Supreme Court said:

>> " 'We adhere to the rule that it is not error to receive relevant exhibits merely because they may have a traumatic effect upon the minds of jurors. Murder is never pleasant to contemplate. It is the jury's duty, however, to examine all the evidence and from such examination to declare a true verdict. The truth may be ugly. See *State v. Nunn,* 212 Or 546, 566-567, 321 P2d 356; *State of Oregon v. Long,* supra [195 Or 81, 244 P2d 1033 (1952)]; *State v. Garver,* 190 Or 291, 225 P2d 771, 27 ALR2d 105.' "

*See also: State v. Jensen,* 209 Or 239, 280, 289 P2d 687, 296 P2d 618 (1957); McCormick, Evidence 526-28, § 212 (hornbook series, 2d ed 1972). The court did not abuse its discretion.

The final assignment of error challenges the denial of defendant's motion for a mistrial. During the

course of the victim's direct testimony, the prosecutor showed her one of the exhibits previously referred to herein. It was a photo taken of her in the hospital following the shaving of her head and the suturing of her wounds. The witness gasped. Defendant moved for a mistrial. In so doing, counsel took the position that any curative instruction would be useless, and, following denial of the motion, none was requested.

The exhibit in question had already been introduced into evidence during the treating physician's testimony and exhibited to the jury several days previously. The particular photo was a close-up of the head and face of the witness depicting her with head shaved and sutured head wounds.

■ The granting or denial of a motion for mistrial is within the sound discretion of the trial court, and "its exercise will not be upset except for a clear abuse." *State v. James Edward Smith,* 4 Or App 261, 264, 478 P2d 417 (1970), citing authorities. No claim is made of forensic misconduct nor that the response was other than genuine. It is not contested that the state, prior to the victim testifying, had shown her the particular exhibit and advised her that it would be shown to her "in an attempt to minimize any effect that it may have * * *." The defendant contended the reaction of the witness was "nothing more than a staged reaction in an attempt to engender sympathy from this jury for her * * *."

■ The trial court had the opportunity to observe the jury, the witness, counsel, and the defendant and thus to evaluate not only the circumstances but also the motivation and the effect. We cannot say that there was an abuse of its discretion.

Affirmed.