Submitted on records and briefs October 12, 1981,
affirmed March 22, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK DENNIS SHAW,
*Appellant.*

(No. 81-0093, CA A21234 and
No. 81-0603, CA A21235)
(Cases Consolidated)

642 P2d 335

Gary D. Babcock, Public Defender, and David E. Groom, Deputy Public Defender, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant seeks to have his conviction for possession of a controlled substance dismissed. He was charged in separate indictments with burglary in the first degree, ORS 164.225, and possession of a controlled substance. ORS 475.992(4). A jury found defendant guilty of both charges. The trial court sentenced him to five years imprisonment for burglary and three years for possession, the sentences to run concurrently. Defendant assigns as the sole error the trial court's failure to "merge"[1] the possession conviction with the burglary conviction.

On January 9, 1981, defendant broke into an acquaintance's house and stole money, jewelry and two bags, totalling 11.8 ounces, of marijuana. Two days later defendant was picked up by police officers while he was on his way to recover the marijuana which he had hidden. He was indicted as follows:

"The above-named defendant(s) is (are) accused by the Grand Jury of Linn County, State of Oregon, by this Indictment of the offense of Burglary in the First Degree, committed as follows:

"The said defendant(s) did, in Linn County, State of Oregon, on or about January 9, 1981, unlawfully and knowingly enter a building, to-wit: a dwelling located at 125 North Columbus, Albany, Oregon, with the intent to commit the crime of theft therein, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

--------------

"The above-named defendant(s) is (are) accused by the Grand Jury of Linn County, State of Oregon, by this Indictment of the offense of Possession of Controlled Substance, committed a follows:

"The said defendant(s) did, in Linn County, State of Oregon, between January 9, 1981, and January 11, 1981, unlawfully and knowingly possess a controlled substance, to-wit: marijuana, in an amount exceeding one avoirdupois ounce, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

---

[1] The Supreme Court in *State v. Cloutier*, 286 Or 579, 586, 596 P2d 1278 (1979), admonished that the term "merger" "* * * is best reserved for the situation when completion of one offense necessarily includes acts sufficient to constitute violation of another statute." We use the term here as a convenience.

Defendant successfully moved to have the charges consolidated for trial. After conviction on both charges, defendant argued to the trial court that, because the marijuana came into his possession as a result of the burglary, the burglary and possession charges should merge for conviction and sentencing purposes under the rationale of *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), and *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979).

In *Woolard,* the Supreme Court analyzed the relationship between the burglary and larceny statutes and held:

> "Under these circumstances, in the absence of some indication that the legislature had a contrary intent, we interpret our statutes to provide that one breaking and entering with the intent to commit larceny can only be convicted and sentenced for either burglary or larceny, but not for both." 259 Or at 238.

In *Cloutier,* the court held that a conviction for theft merged with a conviction for burglary when the theft was the object of the burglary. Affirming its holding in *Woolard,* the court concluded that:

> "* * * [W]hen a breaking and entering with intent to commit a crime is followed by the commission of the intended crime, the penalty is to be limited to that prescribed for the offense carrying the greater potential sentence. * * *" 286 Or at 596.

Defendant urges that because he intended to possess the marijuana when he burglarized the house, the *Woolard/ Cloutier* doctrines should apply.

In analyzing the merger problem, the court in *Cloutier* placed much emphasis on the presumed intent of the legislature:

> "* * * [T]he revised criminal statutes have chosen to attach importance to the 'singleness' of a defendant's criminal objective rather than only to the 'singleness' of his acts." 286 Or at 596.

The court went on to find:

> "In the present case, as in *State v. Woolard, supra,* there is no dispute that the offenses of which defendant was convicted arose in a criminal episode marked by a single objective — theft — as well as by continuity of time and place. * * *" 286 Or at 596.

Unlike the two crimes of which Woolard and Cloutier were convicted — burglary with intent to steal and larceny or theft — the crimes of burglary with intent to commit theft and the crime of possessing a controlled substance are not marked by the single objective of *theft.* In neither *Woolard* nor *Cloutier* were the stolen items property the very possession of which constituted a separate crime. Here, defendant formed two distinct objectives, to steal and to possess a controlled substance. The burglary charge was based only on the intent to commit theft and not upon the intent to possess. Therefore, under *Woolard* and *Cloutier,* although defendant could not be convicted of burglary and *theft* of the marijuana, we can discern no reason why defendant cannot be convicted of burglary and the separate crime of *possession.*

The *Woolard* and *Cloutier* decisions are based on the presumption that the legislature intended the severe penalties for burglary to cover larceny and theft committed by unlawful entry. Possession of controlled substances is, *in and of itself,* a crime under Oregon statutes irrespective of how the substance is acquired.

We conclude that the present case does not fall within the *Woolard* and *Cloutier* holdings, and that the convictions for burglary and possession of a controlled substance need not be merged.

Affirmed.