## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY EMMETT PRITCHETT,
*Appellant.*

(87-CR-0171-WE; CA A45111)

752 P2d 331

Marsha Mussehl, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This criminal case raises the question of whether the trial court erred in entering separate convictions for burglary and rape and imposing consecutive sentences. We conclude that there was no error and affirm.

The original indictment charged rape in the first degree, sodomy in the first degree, sexual penetration with a foreign object, kidnapping in the first degree and burglary in the first degree. Defendant pleaded guilty to rape in the first degree and burglary in the first degree, and the remaining charges were dismissed. The trial court sentenced him to 10 years with a 42-month minimum sentence on the rape in the first degree conviction and to 10 years with a minimum of 24 months on the burglary in the first degree conviction. The sentences are to be served consecutively.

Defendant contends that he can only receive a single conviction for the two offenses, because he was alleged to have entered the dwelling described in the indictment with the intent to commit rape. In addition, and in the alternative, he contends that he cannot receive consecutive sentences for the burglary and rape, because only a single conviction may be entered in this case and because consecutive sentences are not warranted under the facts.

The facts—as recited in the police reports—are not in dispute:

"[I]n the early hours of 3-16-87, the defendant went to the residence of [the victim] and forcibly subjected her to both physical and sexual assault. Around 2:30 to 3:00 a.m., [the victim] had been watching television in her living room. She got up to use the bathroom and when she returned, she was jumped by Prichett [sic] and thrown down on the couch (which was folded out into a bed earlier by [the victim]), face down with her hands tied behind her back. Prichett [sic] had a mask over his face. After her hands were tied, a neckerchief was used to blindfold her. [The victim] began to scream, and Prichett [sic] threw her on the floor and attempted to choke her with a rope, quitting just before she passed out. Prichett [sic] struck her in the lower left abdomen, proceeding to cut off her sweatshirt top and pull off her sweatpants. He then placed a mask over her head and dragged her by her hair naked into the kitchen area. After a time in the kitchen, he dragged her back into the livingroom and put her on the couch, face down.

It was there that he penetrated her vaginally with a foreign object ([she] believes it was a pop bottle, Prichett [sic] believes it was his fingers). After she began to scream, he put a gag in her mouth (a rubber ball with ties attached to it to tie around her head).

"[The victim] was put on the floor and Prichett [sic] anally and vaginally penetrated her with his penis and a 'blunt sharp foreign object.'

"While on the floor, Prichett [sic] forced the victim to have oral sex with him.

"After the sexual penetration, Prichett [sic] tied [the victim's] feet and tied a sheet over her head down to her shoulders. Some time went by, and Prichett [sic] left after smoking a cigarette (the victim reports marijuana also). [The victim] was able to get loose and was able to get out of the sheet and outside the front door where she screamed for help. The next door neighbor heard her and assisted by removing the wrist and ankle restraints."

■ Defendant is wrong when he argues that he can only receive a single conviction. Because the incident occurred after September 20, 1985, ORS 161.062(1) governs. It provides, in pertinent part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations. However, when one of the statutory provisions violated is burglary in any degree, and the other statutory provision violated is theft or criminal mischief in any degree, and the theft or criminal mischief was pleaded as the intended crime of the burglary, the burglary and the theft or criminal mischief shall constitute only one punishable offense."

The statute abrogates the generality of the Supreme Court's holding in *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), and clearly shows a legislative intent to permit separate convictions for burglary and any crime that the burglar intended to commit within the building entered, *except* theft or criminal mischief if pleaded as the intended crime. Rape is far different from theft or criminal mischief.

■ Defendant claims that the imposition of consecutive sentences was improper under ORS 137.122(4), because raping a woman does not "[create] a risk of causing greater or

qualitatively different loss, injury or harm to the victim" than entering her home with intent to commit rape. The argument ignores the reality that an actual, completed rape is more harmful and involves a greater risk to the victim than the entry of the dwelling with the intent to commit it.

Affirmed.