Argued and submitted May 29, affirmed September 16, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS A. SEAMAN,
*Appellant.*

(90C-21493; CA A69899)

836 P2d 1379

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant pled guilty to possession of a controlled substance, ORS 475.992(4), and, in a stipulated facts trial, was found guilty of supplying contraband. ORS 162.185. Both charges were based on the same incident. The sentencing court merged the convictions and sentenced defendant on the contraband count, a class C felony, instead of on the possession count, a class B felony.

Defendant does not challenge the merger of the convictions but argues that, for purposes of sentencing, the class C felony should have been "merged" into the class B felony, the "more serious" crime. Under the sentencing guidelines, he would serve more time in prison for the class C felony than he would for the class B felony. Defendant's presumptive sentence for supplying contraband, which is ranked as category 5 on the crime seriousness scale, is 11-12 months incarceration, whereas the presumptive sentence for possession, ranked as category 1, is probation. *See Oregon Sentencing Guidelines Implementation Manual*, Appendices 3 and 4 (1989).

The state points out that, in *State v. Woolard*, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), the Supreme Court held that, when only a single sentence is authorized for conduct that violates more than one criminal statute, the trial court is bound to convict and sentence the defendant for the more serious crime. The court made clear that the more serious crime is the one carrying the greater maximum sentence. The state contends, however, that the sentencing guidelines have changed how "seriousness" of a crime is determined and that it is no longer only a question of statutory classification but also involves the ranking of the crime on the crime seriousness scale. We agree. *See State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). The trial court did not err.

Defendant contends that imposing a greater sentence for a class C felony than for a class B felony violates the constitutional requirement of proportionality. Or Const, Art I, § 16. Defendant made no such constitutional challenge

below, and we will not address the argument for the first time on appeal.

Affirmed.