## THE STATE v. HESSIAN.

1. **Criminal Law**: INDICTMENT FOR LARCENY: VALUE. The defendant may be found guilty, under an indictment for the larceny of property alleged to have been of the value of sixty dollars, even if the value of the property found to have been stolen did not exceed twenty dollars. The value of the property stolen merely fixes the punishment to be inflicted upon the offender.

2. ———: ———: ACCESSORY. Persons aiding or abetting in the commission of a crime may be found guilty under an indictment in the ordinary form charging them as principals. The indictment must be the same as though they were principals.

3. ———: DEGREES OF CRIME: INSTRUCTION. An instruction as to the difference in the grades of the crime of larceny is not required, where the court instructs the jury to find the value of the property stolen.

4. ———: MISCONDUCT OF JURY: PRACTICE. The evidence as to the alleged misconduct of the jury, not having been preserved by a bill of exceptions, nor shown to have been filed in the court below and made a part of the record there, though incorporated in the transcript, will be stricken out on motion. The record must be made up in the court below, it cannot be made here. Irregularities of the jury, in no manner prejudicial to the defendant, will not vitiate the verdict.

*Appeal from Kossuth District Court.*

TUESDAY, APRIL 18.

THE defendant was indicted for the larceny of ten calves. He was convicted and sentenced to the penitentiary for six months, and appeals to this court.

*Albert E. Clark & George E. Clark,* for appellant.

*Smith McPherson, Attorney-general,* and *J. M. Tolliver,* for the State.

ROTHROCK, J.—I. The stolen property is alleged to have been of the value of sixty dollars. In the third instruction given by the court to the jury, wherein the court states the material facts necessary to constitute the crime, the jury are directed that they must find from the evidence "that the defendant stole the calves described in the indictment, or some of them, or aided and assisted others in stealing them." This instruction is complained of because the defendant might have stolen some of the calves and not have been guilty of the offense charged, but only of larceny of property not exceeding twenty dollars in value. We think the instruction is correct. The State was not required to prove that the defendant stole all the calves, in order to warrant a verdict of guilty under the indictment. If the value of the stolen property did not exceed twenty dollars, the defendant might nevertheless be found guilty of larceny under the indictment. The value of the property merely fixes the punishment to be inflicted upon the offender. The court instructed the jury that they must find the value of the property which was stolen. This was done and the value was found to be fifty dollars.

*1. CRIMINAL law: indictment for larceny: value.*

II. The indictment is in the ordinary form, and an objection is made to an instruction of the court to the jury, to the effect that the defendant was guilty if he aided or abetted others in the commission of the crime.

*2. ——: ——: accessory.*

It is claimed that the indictment should set out the facts that the defendant aided or abetted the crime, and that it is not sufficient to charge him as a principal.

Section 4314 of the Code is in these words: "The distinction between an accessory before the fact and a principal, is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting it, or aid and abet its commission, though not present, must hereafter be indicted, tried and punished as principals."

If those who aid and abet the commission of a crime are required to be indicted as principals, the indictment must be the same as though they were principals. Indeed, as we understand it, the indictment in this case is in the usual form adopted in all cases since the distinction between principal and accessory was abolished by section 2928 of the Code of 1851.

III. It is further urged that the court erred in failing to instruct the jury as to the difference in the grades of the offense of larceny. This is not required. The jury were instructed to find the value of the property. This they did. The evidence taken on the trial has not been preserved by bill of exceptions, and it is not claimed that the jury should have found that the value of the stolen property did not exceed twenty dollars.

3. ———: degrees of crime: instruction.

IV. The jury were instructed as to the effect which is to be given to evidence as to the moral character of a witness, and his general reputation for truth. It is said the instruction is not correct. We are unable to see any error in it. It is the usual instruction given on that question.

V. It was claimed that there was misconduct in the jury during their retirement, while considering their verdict. This misconduct consisted in some of the jurors separating themselves from the others, and other irregularities not necessary to mention. The evidence taken upon the question of misconduct of the jury has not been preserved by a bill of exceptions, and counsel for the State

4. ———: misconduct of jury: practice.

have presented a motion to strike from the transcript what purports to be the evidence, because the same is not incorporated into any bill of exceptions, nor in any way certified to by the district judge, nor any short-hand notes or transcript thereof filed in the court below. The motion must be sustained. What purports to be the evidence incorporated in the transcript, appears to have been taken by a short-hand reporter. But it does not appear either by the certificate of the short-hand reporter, or by the certificate of the clerk, that the original notes or transcript thereof have ever been made of record by being filed in the court below, as required by section 3777 of the Code, as amended by chapter 195 of the acts of the 18th General Assembly. In view of the uncertainty of the language of that section of the Code, as amended, we think it is the better practice to preserve evidence by bills of exception. Whether it may be done by filing the original notes, and making certified transcripts therefrom, we need not now determine. There is one thing certain, however, and that is that the record must be made up in the court below. It cannot be made in this court. We deem it not improper to say that as this is a criminal case and an appeal by the defendant, we have looked into what purports to be the evidence of the misconduct complained of, and in our opinion it was not of such a character as to vitiate the verdict. There was nothing, as it appears to us, more than some irregularities, in no manner predjudicial to the defendant. It is not necessary to point them out, nor enter into a discussion of them.

AFFIRMED.