Argued June 25, affirmed July 28, rehearing denied September 15, 1925.

# STATE *v.* ALLEN MacLAREN, GLADWIN LAW-PAUGH AND ARCHIE LIVINGSTON.

### (237 Pac. 969.)

**Criminal Law—Prosecuting Officer's Abuse of Latitude in Opening Statement may Warrant New Trial.**

1. Although a prosecuting officer must be allowed some latitude in opening statement, it should always be confined to reference to competent evidence, and abuse of duty in this regard, supported by an erroneous ruling of the court, may warrant a new trial.

**Criminal Law—Opening Statement of District Attorney Held not Reversible Error, Although Proof Thereof Inadmissible.**

2. Opening statement of district attorney that he would prove that attorney of record for one of defendants attempted to intimidate prosecuting witness and her mother prior to trial was not reversible error, although defendants' objection to the proffered evidence was sustained by the court, where the statement was made in good faith.

**Criminal Law—Supreme Court will Presume District Attorney's Offer to Prove Intimidation of Prosecutrix was Made in Good Faith.**

3. In absence of evidence of bad faith, the Supreme Court will presume that offer of district attorney to prove attempted intimidation of prosecuting witness was made in good faith.

**Criminal Law—Refusal to Compel State to Elect Particular Offense Relied upon Against Codefendants not Error, in View of Statute.**

4. Where, in a joint prosecution for rape, only one offense was charged in the indictment, and the state did not attempt to prove actual rape against two of the defendants, but the testimony tended to show that these had had intercourse with the prosecuting witness immediately after the act charged as rape by their co-defendant, it was not error to refuse to compel the state to elect the particular offense relied upon for conviction; the defendants being properly indicted and tried together as principals, under Section 1458, Or. L., and their conduct during the entire time being admissible as showing the part they took in the commission of the crime charged against all three of them.

**Criminal Law—Admissions, by Defendant Charged With Rape, as to Threats Made by Codefendant to Induce Consent, Properly Admitted.**

5. Admissions by a defendant charged with rape on examination soon after arrest, as to threats by absent codefendant to induce consent of prosecutrix, were admissible as against the defendant who made the admissions, and their reception in evidence was not

---

1. See 2 R. C. L. 410.
5. See 1 R. C. L. 472.

error, where they were not used against other defendants tried at same time.

**Witnesses—Evidence Affecting Character Witness Collateral to Issues Properly Excluded.**

6. Where a character witness, whom defendants in prosecution for rape introduced, admitted in cross-examination that she was an inmate of State Industrial School for Girls, evidence, on redirect examination, as to the reason for her commitment, was properly refused by the court, since, being clearly collateral to the issues framed by the indictment and plea of defendants, it was not competent testimony.

See (1) 16 C. J. 1141. (2) 17 C. J. 298. (3) 17 C. J. 217. (4) 16 C. J. 861. (5) 16 C. J. 660 (Anno.). (6) 40 Cyc. 2528, 2638 (Anno.).

From Clackamas: J. U. Campbell, Judge.

Department 1.

The defendants were convicted of the crime of rape and sentenced to imprisonment in the penitentiary for the term of four, five and two years, respectively. They were jointly indicted and tried, and jointly prosecute this appeal. The appellants assign twenty-three alleged errors, which they treat under four heads.          Affirmed.   Rehearing Denied.

For appellants there was a brief over the name of *Messrs. Collier, Collier & Bernard,* with an oral argument by *Mr. Earl F. Bernard.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

COSHOW, J.—1. The appellants complain because of the remarks made by the district attorney in his opening statement to the jury to the effect that he would prove that Roscoe P. Hurst, an attorney of record for the defendant Allen MacLaren, attempted to intimidate the prosecuting witness and her mother prior to the trial. The prosecuting attorney attempted to prove the alleged intimidation but the objection to the evidence offered by the state was

sustained by the court. No evidence of the intimidation, therefore, was received by the court. Only the remarks made by the district attorney in his opening statement and the preliminary questions were heard. He must be allowed some latitude in his opening statement. The mere fact that he was mistaken regarding the competency of the anticipated evidence does not constitute reversible error, if he made the statement in good faith. There is no indication of bad faith on his part. At the time the Circuit Court overruled defendant's objection to the statement it did not appear that the proposed evidence was inadmissible. It did not appear that the state could not prove that defendants authorized the conduct of the attorney referred to. When the evidence was offered the defendants promptly objected. The court dismissed the jury during the argument of counsel over the objection. The court sustained the objection. The court did not err in his ruling, either at the time the objection was made during the opening statement or in excluding the proffered testimony.

2, 3. This is not to be construed to sanction false or reckless statements to juries by prosecuting officers. The opening statement should always be confined to reference to competent evidence. An abuse of his duty in this regard, supported by an erroneous ruling of the court, might warrant a new trial. In the instant case there being no evidence of bad faith, the court will presume the offer complained of was made in good faith, and the Circuit Court committed no error in that regard. The ruling of the Circuit Court excluding the evidence was correct: *State v. Stone,* 111 Or. 227 (226 Pac. 430). The statement of the district attorney in offering his proof is not a reversible error, however. No evidence of intimidation was either heard by or submitted to the jury.

4. The appellants also predicate error upon the court's refusal to compel the state to elect the particular offense upon which it relied for conviction. Only one offense is charged in the indictment. The court instructed the jury that the only rape attempted to be proven was the act of the defendant Gladwin Lawpaugh; and the evidence involving the defendants MacLaren and Livingston should be considered only for the purpose of determining whether or not they were accessories before the fact. There was no attempt on the part of the state to prove actual rape by either of the defendants MacLaren or Livingston. The testimony tends to show that both the defendants MacLaren and Livingston had sexual intercourse with the prosecuting witness immediately after the act charged as rape by their codefendant Lawpaugh. This conduct on the part of the defendants MacLaren and Livingston was admissible as evidence for the purpose of showing their part in the rape charged to Lawpaugh. The three were acting together and their conduct during the entire time they were with the young ladies was admissible for the purpose of showing the part they took in the commission of the crime charged against all three of them. It was proper to indict the defendants together and to try them together. Section 1458, Or. L., provides that:

"The distinction between an accessory before the fact and a principal, * * is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the crime, or aid and abet in its commission, * * must hereafter be indicted, tried and punished as principals. * * "

It was not error, therefore, for the court to refuse to compel the state to elect. None of the authorities cited by the appellants is applicable to the facts in

this case. All of these authorities have been carefully considered and no good would result from an analysis of the same.

5. Appellants complain of the court's ruling on the admission of certain testimony regarding what the defendant MacLaren should have said in an examination of Lawpaugh soon after his arrest and in the absence of the defendant MacLaren. The court ruled at the time that said evidence could not be used against the defendant MacLaren, who was not present. We believe no error was committed in receiving the evidence. It was clearly admissible for the purpose of showing the coercion and force used by the defendant Lawpaugh and was neither introduced for the purpose of nor used for the conviction of MacLaren.

6. Defendants introduced Vera Lewis as a character witness for the purpose of proving the reputation of the prosecuting witness. On cross-examination the state elicited from said character witness the fact that she was an inmate of the State Industrial School for Girls. The defendants then sought, on redirect examination, to examine into the reasons for her commitment. This was clearly collateral to the issues framed by the indictment and plea of the defendants and was not competent testimony. The court's ruling refusing to receive the evidence was correct.

We find no reversible error in the record. The defendants had a fair and impartial trial, the judgment of the court was merciful and is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.