Argued February 4, affirmed March 13, 1963

## STATE OF OREGON *v.* GLENN

379 P. 2d 550

*Harrison R. Winston,* Roseburg, argued the cause and filed a brief for appellant.

*Thomas D. O'Dell,* Deputy District Attorney, Roseburg, argued the cause for respondent. On the brief was Avery W. Thompson, District Attorney, Roseburg.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

This appeal involves two questions. Was the indictment sufficient to permit the defendant to be convicted as an aider and abettor of others having sexual intercourse with a sixteen-year-old girl? Was there any evidence that the defendant aided and abetted others in having sexual intercourse with this girl?

The indictment charging contributing to the delinquency of a child was as follows:

> "* * * David Hugh Glenn * * * did * * * unlawfully * * * do an act, to-wit: engage in sexual intercourse with the said [girl] * * * which said act did manifestly then and there tend to cause the said [girl] to become a delinquent child, * * *."

The court instructed the jury that the defendant would be guilty if he had intercourse or if he aided and abetted others in having intercourse. Aiding and abetting were defined.

■ One who aids and abets another in the commission of a crime is a principal to the crime and shall be indicted and tried as a principal. ORS 161.220. This court has held that one charged by an indictment stating that the defendant raped Miss X can be convicted by proof that defendant did not personally rape Miss X but aided and abetted another in raping Miss X. *State v. MacLaren et al,* 115 Or 505, 237 P 969 (1925). The same principle was followed in a sodomy case: *State v. Weitzel et al,* 157 Or 334, 69 P2d 958 (1937). An indictment for contributing to the delinquency of a child presents no different problems in regard to convicting for aiding and abetting than an indictment for rape or sodomy. The defendant here, under the

indictment, could have been convicted as an aider and abettor of others having intercourse with the girl.

■ Was there evidence that defendant was an aider and abettor? The jury could have found the following version of what happened: The girl, the defendant, and one other man were riding in the back seat of a Volkswagen. Two male friends of the defendant were in front. The defendant tore off the pants and undergarment of the girl, against her will and despite her struggle. While defendant was doing this, one of the other men held the girl's arms and another, one of her legs. The car was stopped; the others got out. The defendant, against the will of the girl, had intercourse with her. The defendant got out. The girl was weak and frightened. Another man got in and had intercourse with the girl against her will. He got out, a third got in and repeated the performance. The defendant admits taking off the girl's pants. He testified she invited him to. He denied having intercourse with her.

*State v. Rosser,* 162 Or 293, 86 P2d 441, 87 P2d 783, 91 P2d 295 (1939), defines what is, and what is not, aiding and abetting. The defendant's conduct, particularly in removing the girl's clothing, assisted by the others, and initially overcoming her resistance, is such that a jury could properly find him guilty of aiding and abetting others in having intercourse with the girl.

Judgment affirmed.