Argued September 15, affirmeed November 3, 1965

# STATE OF OREGON *v.* BLACKWELL
### 407 P. 2d 617

*Charles R. Harvey,* Portland, argued the cause and filed a brief for appellant.

*Tom P. Price,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Sloan, Denecke, Holman and Lusk, Justices.

DENECKE, J.

The defendant was indicted as follows:

"The said ARNOLD BLACKWELL on or about the 18th day of August, A.D. 1962, in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully and feloniously forcibly ravish one Barbara Blackwell, a female."

At the beginning of the trial the defendant moved to dismiss the indictment upon the ground that the female named in the indictment was the defendant's wife and a husband cannot be guilty of rape upon his wife. The motion was denied and that denial is the sole ground for appeal.

At the trial evidence was introduced that the defendant at gun point forced his wife and another man to have intercourse, against their will.

ORS 163.210 provides:

"(1) * * * any person who forcibly ravishes any female, is guilty of rape * * *."

We will assume that such statute incorporates the common law, i.e., a husband cannot be guilty of rape by personnaly forcing himself upon his wife. We will also assume that the procedure employed by defendant was proper to raise the issues he now presses. We hold, however, that he can be guilty of rape by forcing his wife to have intercourse with another. We also hold that the indictment adequately charges the defendant with rape accomplished by forcing his wife and another to have intercourse.

The defendant does not contest the first holding,

that a husband can commit rape upon his wife by forcing her to have intercourse with another. The decisions from other jurisdictions so hold and we stated our accord with such decisions by way of dictum in *State v. Olsen,* 138 Or 666, 675, 7 P2d 792 (1932). For decisions of other jurisdictions see 84 ALR2d 1017 (1962).

The defendant's contention is:

"The rule that it is sufficient to charge a crime, including the crime of rape, in the words of the statute is subject to an exception when particular circumstances must exist in order to bring a particular defendant within the condemnation of the statute. In such a case the particular facts must be alleged."

He contends that it was necessary to allege in the indictment that the defendant committed the rape by forcing another to have intercourse with his wife.

We view the situation as identical to that existing when an aider and abettor is indicted as a principal. In *State v. Glenn,* 233 Or 566, 567, 379 P2d 550 (1963), we stated:

"* * * This court has held that one charged by an indictment stating that the defendant raped Miss X can be convicted by proof that defendant did not personally rape Miss X but aided and abetted another in raping Miss X. State v. MacLaren et al, 115 Or 505, 237 P 969 (1925). * * *"

In the *Glenn* case the indictment charged that Glenn engaged in sexual intercourse with a girl. We approved an instruction that the defendant would be guilty if he personally had intercourse with the girl or if he aided and abetted others in having intercourse.

■ The instant case differs from those cited above in that the defendant here is not an aider and abettor to a principal. The defendant was the only criminal actor as the other man was forced to do the act. This distinction, however, does not require a different result. The broad principle is that one can be indicted for an act and convicted upon proof that the defendant did not personally do the act but was the prime mover in having another, voluntarily or involuntarily, perform the actual act.

Affirmed.