Argued and submitted September 30, reversed and remanded December 4, 1986,
reconsideration denied January 16, petition for review allowed February 10, 1987
.(302 Or 614)

## STATE OF OREGON,
*Respondent,*

*v.*

## JACK BERT HARVEY,
*Appellant.*

(85-3665-C-3, 85-3666-C-3)
(CA A38851 (Control), CA A38852)
(Cases Consolidated)

728 P2d 940

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was convicted of two counts of rape in the first degree, ORS 163.375, and two counts of sodomy in the first degree, ORS 163.405, for forcibly compelling his 14-year old son and 11-year old stepdaughter to engage in sexual acts with each other. The court merged the sodomy convictions into the rape convictions charged in the same indictment for purposes of sentencing and sentenced defendant on the two convictions for rape in the first degree. He appeals both convictions.

■ Defendant first contends that the trial court erred by admitting evidence of a prior bad act, specifically an incident in which he "hog-tied" his son as punishment.[1] We find no error in the admission of that evidence. The admissibility of prior bad acts is governed by OEC 404(3):

> "(3)  * * * Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

That is a rule of inclusion, rather than exclusion, and the rule "allows Oregon judges to resort to any theory of logical relevance" when ruling on the admissibility of prior bad act evidence. *State v. Johns,* 301 Or 535, 548, 725 P2d 312 (1986).[2] *Johns* held that OEC 404(3) forbids the admission of prior bad act evidence "only when the evidence is offered solely to prove (1) the character of a person, and (2) that the person acted in conformity therewith. Both elements are required." 301 Or at 548. Here, the trial court ruled that defendant's punishment of his son was relevant to show forcible compulsion, an essential element of the crimes charged. It demonstrated a basis for the son's fear of disobeying his father's commands, which is

---

[1] Defendant also assigns error to the admission of evidence concerning an incident in which he broke his daughter's arm while punishing her. We do not review the admissibility of that evidence, because defendant failed to object to its admission at trial.

[2] The discussion of OEC 404(3) in *State v. Johns, supra,* refers repeatedly to "other crimes" and not to "other acts" or "prior bad acts," as that phrase is commonly used. We see no reason to distinguish "other crimes" from "other acts" or "prior bad acts" under OEC 404(3), and we therefore use the latter terms in this opinion.

relevant in this case because defendant did not touch or physically threaten the children during commission of the crimes. We cannot say that that evidence was offered *solely* to prove defendant's character and that he acted in conformity therewith.

The analysis, however, does not end there. After deciding whether the prior bad act has probative value and is admissible under OEC 404(3), the trial judge must decide "whether the evidence has any prejudicial effect outweighing its probativity under OEC 403." *State v. Johns, supra,* 301 Or at 555. OEC 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

*Johns* adopted the four factors we set forth in *State v. Collins,* 73 Or App 216, 220, 698 P2d 969 (1985), that a trial judge should consider in the analysis of evidence under OEC 403: the need for the evidence, the certainty that the prior bad act occurred and that defendant was the actor, the strength or weakness of the evidence and its inflammatory effect on the jury. 301 Or at 557. *Johns* added a fifth factor that may be considered: how time-consuming and distracting proof of the prior bad act will be. 301 Or at 558.

Here, the state had to prove forcible compulsion, and the defendant's punishment of his son was an important part of that proof. Defendant admitted that the incident happened, so there is no doubt as to its occurrence and that he was the actor. The evidence suggests that the son would either have to obey defendant's verbal commands or be subject to severe punishment, strong proof that defendant could forcibly compel the children to act without touching them or physically threatening them. The court could have found that the evidence was not so inflammatory that it tempted the jury to decide the case on an improper basis. Finally, testimony about the punishment was neither excessively time-consuming nor distracting. Applying the *Johns* factors, we cannot say that the trial judge abused his discretion in admitting evidence of the prior bad act. *State v. Madison,* 290 Or 573, 579, 624 P2d 599 (1981).

Defendant also contends that his motion for judgment of acquittal should have been granted, because the statutes under which he was charged, ORS 163.375 and ORS 163.405, require that the person guilty of the proscribed act also be the person having sexual contact with the victim.

ORS 163.375 provides, in pertinent part:

"(1)   A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a)   The female is subjected to forcible compulsion by the male * * *."

ORS 163.405(1)(a) provides, in pertinent part:

"(1)   A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a)   The victim is subjected to forcible compulsion by the actor * * *."

The state argues that, although ORS 163.375 lacks the "causes another" language of ORS 163.405, a person does not need to be the actual sexual actor to be convicted of rape, citing as authority *State v. Blackwell,* 241 Or 528, 407 P2d 617 (1965). In *Blackwell,* the defendant was charged with rape under *former* ORS 163.210, which provided, in pertinent part, that

"any person who forcibly ravishes any female, is guilty of rape * * *."

The court held that, under that statute, a person other than the actual sexual actor could be convicted of rape. 241 Or at 531. The state asks that we similarly construe ORS 163.375. We decline to do that.

Since *Blackwell* was decided, the Oregon Criminal Code was enacted.[3] The Code was enacted as a comprehensive re-examination and revision of Oregon's substantive criminal law by the legislature. In revising the rape and sodomy statutes, *former* ORS 163.210 and *former* ORS 167.040, the Code defined three degrees of those crimes, rather than the

---

[3] The Oregon Criminal Code of 1971, Senate Bill 40, was originally enacted by the Fifty-sixth Legislative Assembly (Or Laws 1971, ch 743) and became effective on January 1, 1972.

one degree defined under the prior statutes. Additionally, the legislature added the "causes another" language to the new sodomy statutes, language not found in the prior statutes. The Oregon Criminal Law Revision Commission, which drafted the Code, stated that the "causes another" clause in the sodomy sections

> "is intended to cover not only the situation where the victim has some deviate act forced upon him or her, but also where the victim is compelled to perform such an act * * * upon some third person." Oregon Criminal Code of 1971, 145 (1975ed).

■ If the legislature had intended to include as rapists those persons who forcibly compel others to engage in sexual intercourse but do not themselves participate, it could have included the "causes another" language as it did in the sodomy statutes. Because it did not, we conclude that, to be convicted under ORS 163.375, a person must actually have sexual intercourse with the victim, and therefore *Blackwell* has no application under the current rape statutes. We reverse defendant's rape conviction under ORS 163.375, because he did not have sexual intercourse with the victim.

■ The express terms of ORS 163.405 provide that a person who forcibly causes another to engage in deviate sexual intercourse commits the crime of sodomy. As noted, the Commentary to the Code supports this result. Defendant's sodomy convictions under ORS 163.405 are therefore affirmed.[4]

Rape convictions reversed; remanded for resentencing on the sodomy convictions.

---

[4] Defendant also argues that the trial court erred in instructing the jury that he could be found guilty of sodomy if he had forcibly compelled the children to commit the act. The argument parallels that in his second assignment of error, and for the same reasons we conclude that the court did not err in so instructing.