Argued and submitted May 27, affirmed December 17, 2003

STATE OF OREGON,
*Respondent,*

*v.*

TRACY LAMAR BURNEY,
*Appellant.*

C003094CR; A114503

82 P3d 164

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals his conviction for assault in the third degree. ORS 163.165(1)(e). He assigns error to the trial court's denial of his motion for judgment of acquittal and to its calculation of his criminal history for the purpose of determining his sentence. We affirm.

■    Because defendant was convicted, we state the facts in the light most favorable to the state. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). On October 16, 2000, defendant and three other persons, Rucker, Viall, and Emerson, were involved in an assault in a restaurant parking lot. Rucker, Viall, and Emerson struck and kicked the victim; defendant held back another person who attempted to assist the victim.

Defendant, Rucker, and Viall were charged in a single indictment with assault in the third degree. The indictment alleged that the three defendants "did unlawfully and *knowingly* cause physical injury to [the victim] while aided by another person actually present." (Emphasis added.) Defendant and Rucker were tried together. At the close of the state's case-in-chief, defendant moved for a judgment of acquittal, arguing that there was no evidence that he personally participated in the assault on the victim and that he therefore could not be convicted as a principal. The trial court denied the motion, holding that "there is enough evidence for a reasonable trier of fact to believe that he participated in assault in the third degree." The court held that the jury could reach that conclusion on a theory that defendant aided and abetted the assault. Defendant complained that the state had not pleaded in the indictment that he had aided and abetted and that the failure to do so was fatal, because finding criminal liability on an aid and abet theory requires proof of an additional element of intent to promote or facilitate the commission of the crime. The trial court rejected defendant's argument, holding that, although the jury would have to be instructed on the additional element, the state was not required to have pleaded it in order to send the case to the jury on an aid and abet theory.

At the close of the evidence, the trial court instructed the jury regarding the elements of assault in the third degree

as provided in ORS 163.165(1)(e). It also instructed the jury as follows regarding aid and abet liability:

> "A person who is involved in committing a crime may be charged and convicted of the c[rime] if, with the intent to promote or facilitate the commission of the crime, that person aids and abets someone in committing the crime or solicits or commands someone to commit the crime or attempts to aid or abet someone in committing the crime. Under these circumstances, it is not necessary for that person actually to be personally present at the time and place of the commission of the crime.

> "A person aids and abets another person in the commission of a crime if the person, * * * with the intent to promote or make easier the commission of the crime, engage— encourages, procures, advises, or assists, by act or advice, the planning or the commission of the crime.

> "A person acts intentionally or with intent when that person acts with a conscious objective either, one, to cause a particular result or, two, to engage in particular conduct."

The jury found defendant guilty of assault in the third degree.

At sentencing, the trial court assigned defendant a criminal history ranking of C. The trial court did so based on the fact that defendant had several out-of-state convictions, which, pursuant to OAR 213-004-0011(3), the trial court treated as person misdemeanors. Defendant objected that the court should not give him a ranking of C, because the out-of-state convictions should be treated as nonperson misdemeanors. According to defendant, the rule on which the court relied was invalid and could not be used in calculating his criminal history score. The trial court rejected the argument and sentenced defendant accordingly.

On appeal, defendant first assigns error to the trial court's denial of his motion for judgment of acquittal. Specifically, he reiterates his argument that the state failed to prove that he personally committed the assault and that, to the extent that the state relied on the theory that he aided and abetted the commission of that crime, it was required to allege in the indictment that he did so with "the intent to promote or facilitate the commission of" that crime.

The state argues that, consistently with this court's opinion in *State v. LeBrun*, 37 Or App 411, 587 P2d 1044 (1978), *rev den*, 286 Or 149 (1979), it was not required to allege more than the elements of the crime of assault in the third degree in order to send the case to the jury on an aid and abet theory. Defendant replies that *LeBrun* was wrongly decided because it relied on cases interpreting a different statute with materially different wording from the currently applicable statutes. The state rejoins that *LeBrun* was correctly decided.

In *LeBrun*, the defendant was charged with first-degree rape and first-degree sodomy. He was charged as a principal actor. At trial, the state requested a jury instruction permitting the jury to find the defendant guilty of both offenses if it found that he aided and abetted the commission of the offenses. The defendant objected that, because the indictment alleged that he was a principal actor, he could not be found guilty on an aid and abet theory. We rejected the defendant's argument. Our analysis, in its entirety, was as follows:

> "Both our Supreme Court and this court have previously rejected such a claim, based on former ORS 161.220. *State v. Glenn*, 233 Or 566, 379 P2d 550 (1963); *State v. Capitan*, 8 Or App 582, 596, 494 P2d 443, *rev den* (1972). Although ORS 161.220 was repealed in 1971 as part of the revision of the Criminal Code, ORS 161.150 and 161.155, defining criminal liability, lead us to the same conclusion."

*Id.* at 416 (footnote omitted).

*LeBrun* is not the only case in which we addressed the question whether a defendant indicted as a principal may be convicted on proof that he aided or abetted the commission of the crime. In *State v. Bunyea*, 44 Or App 611, 606 P2d 685 (1980), the defendant was charged with first-degree rape, but was convicted on proof that he aided and abetted a rape committed by someone else. We affirmed. Citing *LeBrun*, we explained, "That the indictment only accuses a defendant of perpetrating a criminal act does not prevent his being found guilty as an aider and abettor." *Id.* at 616.

Similarly, in *State v. Garcia*, 74 Or App 649, 704 P2d 544, *rev den*, 300 Or 180 (1985), the defendant was charged

with first-degree robbery and apparently convicted on proof that he was an accomplice only. In the course of his arguments on appeal, he asserted that the convictions were defective because he was indicted as a principal. We ultimately concluded that the matter was not properly assigned as error. We nevertheless commented that the

> "[d]efendant's argument that he had no notice that the robbery charge would be based on accomplice liability is without merit. There is no contention that he was denied pretrial discovery, and it is clear that the state may obtain a conviction on an accomplice theory after charging a defendant as a principal. ORS 161.155[.]"

*Id.* at 652 n 2.

Thus, *LeBrun*, *Bunyea*, and *Garcia* addressed—either in holding or in *dictum*—defendant's contention in this case that one who is indicted as a principal may not be convicted on proof that he or she aided and abetted the commission of the crime, and each squarely rejected it. The question remains whether those cases were correctly decided. Because those cases—in particular, *LeBrun*—were based, in significant part, on case law construing earlier statutes, our evaluation requires a brief bit of history.

At common law, parties to the commission of a felony were classified as principles in the first degree, principals in the second degree, accessories before the fact, and accessories after the fact. In very general terms, principals were present at the scene of the crime when it was committed, while accessories were not, although the rules regarding whether one was "present" were quite flexible and often employed legal fictions such as "constructive" presence. A principal in the first degree was the criminal actor. A principal in the second degree was present at the commission of the crime but merely aided and abetted its commission. An accessory before the fact also aided and abetted, but was not present at the scene. And an accessory after the fact was one who knowingly rendered aid to a felon after the commission of the offense. *See generally* Wayne R. LaFave, 2 *Substantive Criminal Law* § 13.1, 326-33 (2d ed 2003) (describing common-law accomplice liability); Rollin M. Perkins and Ronald N. Boyce, *Criminal Law* 727-35 (3d ed 1982) (same).

The liability of those parties depended upon an elaborate structure of rules that took into account the particular classification of the party and a variety of circumstances, resulting in a state of the law that has been described as "quite absurd" and producing "technical embarassments." Perkins and Boyce, *Criminal Law* at 755, 758. In particular, courts developed rules—often highly technical procedural rules—designed to shield accessories from liability, most likely in order to limit the application of the death penalty that, at common law, was the penalty for the commission of a felony. *Id.* at 730, 751-57.

For example, at common law, a defendant charged with acting as a principal in the first degree could be convicted on a theory that he or she committed the crime as a principal in the second degree. But a defendant charged with acting as a principal in the first degree could not be convicted on proof that he was an accessory before the fact, regardless of how much criminal assistance the defendant actually provided. Similarly, one who was charged as an accessory before the fact could not be convicted on proof that he or she was actually a principal. As a result, an accessory could escape liability merely because of uncertainty as to whether the accessory was actually or constructively present. *See generally* LaFave, 2 *Substantive Criminal Law* § 13.1(d)(2) at 332.

In response to such anomalies, beginning in the mid-nineteenth century, virtually all states adopted statutory reforms that essentially collapsed any distinction between principals and accessories before the fact. *Id.* § 13.1(e) at 333-36. Oregon was among those states. *Former* ORS 161.220 (1969) reflected the reform:

> "The distinction in felonies between an accessory before the fact and a principal, and between principals in the first and second degree, is abrogated. All persons concerned in the commission of a felony or misdemeanor, whether they directly commit the act constituting the crime or aid and abet in its commission, though not present, are principals and shall be indicted, tried, and punished as principals."[1]

---

[1] The statute was repealed in 1971. Or Laws 1971, ch 743, § 432. A version of the statute dates back to the Deady Code of 1864, at which point it provided, "All persons concerned in the commission of a crime, whether it be felony or

That is not to say that the substantive requirements of proof were collapsed as well. Even after the adoption of the reforms, liability based on a theory of aiding and abetting required different proof from liability based on the theory that a defendant was the principal actor, that is, one who would have been regarded as the principal in the first degree at common law. Criminal liability on a theory of aiding and abetting required proof that the defendant aided and abetted another in the commission of a crime with "criminal intent" to "aid, promote and encourage or instigate by act or counsel." *State v. Silverman*, 148 Or 296, 304-05, 36 P2d 342 (1934); *see also State v. Downing*, 185 Or 689, 697-98, 205 P2d 141 (1949); *State v. Stark*, 7 Or App 145, 150-51, 490 P2d 511 (1971).

Notwithstanding the continued existence of different substantive requirements of proof between charges based on direct liability and those based on vicarious criminal liability, courts treated the statutory reforms as having eliminated previous common-law pleading impediments to proving criminal liability based on aiding and abetting in cases in which an indictment pleaded that the defendant was the principal actor. *See, e.g., State v. Steeves*, 29 Or 85, 88-94, 43 P 947 (1896) (canvassing cases); *see also State v. Hessian*, 58 Iowa 68, 12 NW 77, 77-78 (1882); *Sanditen v. State*, 22 Okla Crim 14, 208 P 1040, 1042-43 (1921); *Sheffield v. State*, 99 Tex Crim 95, 268 SW 162, 164 (1924); LaFave, *Criminal Law* § 13.1(e) at 333-35 ("By virtue of such legislation, the procedural problems discussed earlier have been obviated in most jurisdictions. Relying upon these statutes, courts have held that * * * the charge need not specify whether the defendant was an accessory or principal, [and] that if the charge does specify it is not a fatal variance if the proof puts the case in the other category.").

Consistently with the general rule, in *Glenn*, the Oregon Supreme Court held that one who is indicted as a principal may be found guilty upon proof that he or she aided and abetted. In that case, the defendant was charged with

---

misdemeanor, and whether they directly commit the act constituting the crime, or aid and abet in its commission, though not present, are principals, and to be tried and punished as such." General Laws of Oregon, Crim Code, ch LIII, § 691, p 573 (Deady 1845-64).

unlawful sexual intercourse with a 16-year-old girl. At trial, the court instructed the jury that the defendant could be found guilty if he had aided and abetted others in having intercourse. On appeal, the defendant challenged the instruction, but the Supreme Court affirmed. Citing *former* ORS 161.220, the court explained that "[o]ne who aids and abets another in the commission of a crime is a principal to the crime and shall be indicted and tried as a principal." *Glenn*, 233 Or at 567-68.

Similarly, in *Capitan*, the defendant was charged with murder for killing the victim with a pistol. At trial, the state proved that he had aided or procured someone else to commit the murder, and he was convicted on that basis. On appeal, he argued that the indictment did not give him adequate notice of the crime that the state proved at trial. We rejected the argument. Citing *Glenn*, we concluded that "the law in Oregon seems settled that a single person named as principal in an indictment may be convicted upon proof that he aided or abetted in the crime." *Capitan*, 8 Or App at 595-96.

In 1971, the legislature enacted a comprehensive reform of the Criminal Code. Among other things, it revised the law pertaining to accomplice liability. First, it repealed *former* ORS 161.220 and replaced it with what is now ORS 161.150. Or Laws 1971, ch 743, § 12. That statute provides that "[a] person is guilty of a crime if it is committed by the person's own conduct or by the conduct of another for which the person is criminally liable, or both." ORS 161.150. Second, it enacted what is now ORS 161.155 to codify existing proof requirements for establishing criminal liability on a theory of aiding and abetting. Or Laws 1971, ch 743, § 13. That statute provides that "[a] person is criminally liable for the conduct of another person constituting a crime if * * * [w]ith the intent to promote or facilitate the commission of the crime, the person * * * [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime." ORS 161.155(2)(b).

The wording for both new provisions was derived from the Model Penal Code. The commentary to the Model

Penal Code explains that, while its wording spells out different substantive proof requirements for principal, as opposed to vicarious, criminal liability, it is not intended to alter any existing law regarding pleading requirements:

> "The section differentiates the different modes of complicity in a crime for the purpose of developing their content. It does not, however, contemplate that such distinctions should have a procedural significance. As in the states that have abolished the common law distinctions between principals and accessories, *it would suffice under this draft to charge commission of a crime*. It seems unnecessary, however, in framing an entire system to declare that the offender is a 'principal,' language that has meaning only because of the special background of the common law."

American Law Institute, *Model Penal Code: Tentative Drafts Nos. 1, 2, 3 and 4* § 2.04, comment at 13-14 (1956) (emphasis added; footnote omitted).

Consistently with the commentary to the Model Penal Code, the commentary to the revisions to the Oregon Criminal Code explains that the enactment of ORS 161.150 "is consistent with Oregon statutory law which long ago abolished the common law distinction between principals and accessories before the fact." Criminal Law Revision Commission, *Proposed Oregon Criminal Code: Final Draft and Report* § 12, comment at 11 (July 1971). The Criminal Law Revision Commission followed the comment with a quotation of *former* ORS 161.220, in full. *Id.* comment at 11-12. Similarly, with respect to the enactment of ORS 161.155(2), the Commission cited *former* ORS 161.220 and cases construing it and commented that the new provisions "do not differ substantially from present law governing accessorial liability, whether that liability arises by virtue of aiding and abetting or by virtue of conspiracy liability for substantive crimes." *Id.* § 13, comment at 13.

■ Thus, it is apparent that the legislature intended the revised Criminal Code to operate as a restatement of existing principals of criminal liability reflected in *former* ORS 161.220 and the cases construing it. That existing law—in

particular, the *Glenn* and *Capitan* decisions—plainly provides that one who is indicted as a principal may be convicted on proof that he or she aided and abetted in the commission of the crime. In that light, *LeBrun*, *Bunyea*, and *Garcia* appear to have correctly stated the law.

Although it has no direct bearing on what the Oregon legislature intended by its enactment of the revisions to the Criminal Code in 1971, *cf. GPL Treatment, Ltd. v. Louisiana-Pacific Corp.*, 323 Or 116, 123-24, 914 P2d 682 (1996) (examining other states' case law as "context" for statute based on uniform law), we note in passing that the rule described in *LeBrun* and the cases following it is consistent with the nearly universal rule in other jurisdictions, both federal and state, that one who is indicted as a principal may be found guilty on evidence that he or she aided and abetted the commission of the crime. *See, e.g.*, *U.S. v. Rashwan*, 328 F3d 160, 165 (4th Cir), *cert den*, ____ US ____ , 124 S Ct 320, 72 USLW 3244 (2003) (aiding and abetting is implicit in all indictments for substantive offenses); *U.S. v. Corona-Sanchez*, 291 F3d 1201, 1207-08 (9th Cir 2002) (a defendant may be convicted of theft even when aiding and abetting has not been charged; applying California law); *U.S. v. Iglesias*, 915 F2d 1524, 1528 (11th Cir 1990), *reh'g den*, 923 F2d 867 (1991) (a defendant who has been indicted as a principal may be convicted on evidence that he aided and abetted); *Smith v. State*, 795 So 2d 788, 823-24 (Ala Crim App 2000), *cert den*, 795 So 2d 842 (Ala), *cert den*, 534 US 872 (2001) (one charged as a principal may be convicted as an accomplice); *State v. Vasquez*, 68 Conn App 194, 792 A2d 856, 865-66 (2002) (a defendant may be convicted as an accessory even though charged only as a principal as long as evidence is sufficient to establish accessorial conduct); *Dixon v. State*, 673 A2d 1220, 1228 (Del 1996) (a defendant may be indicted as a principal and convicted as an accomplice); *Trumpler v. State*, 261 Ga App 499, 583 SE2d 184, 187 (2003) (a defendant indicted for aggravated assault may be found guilty on proof that he aided and abetted); *State v. Fukusaku*, 85 Haw 462, 946 P2d 32, 56 (1997) (a defendant who is charged as a principal may be found guilty upon proof that he aided and abetted); *Danks v. State*, 733 NE2d 474, 484 (Ind App 2000) (a defendant may

be charged as a principal and found guilty upon proof that he aided and abetted); *State v. Satern*, 516 NW2d 839, 842-43 (Iowa 1994) (a defendant need not be charged as both principal and accomplice for state to pursue conviction on aid and abet theory); *State v. DeVerney*, 592 NW2d 837, 846 (Minn), *cert den*, 528 US 974 (1999) (because aiding and abetting is not a separate substantive offense, no new pleading is required); *State v. Cella*, 32 SW3d 114, 118 (Mo 2000) (it is proper to submit to the jury a theory of accomplice liability despite charging the defendant as a principal); *State v. Johnston*, 85 Wash App 549, 555, 933 P2d 448, 450-51 (1997) (no constitutional violation when defendant was found guilty as an accomplice even though the information did not charge her with aiding and abetting); *but see State v. Fuller*, 346 SC 477, 552 SE2d 282, 283 (2001) (a defendant may not be found guilty as an accessory when indicted solely as a principal).

Defendant insists that permitting him to be convicted on proof that he aided and abetted violates the rule that all material elements of the crime of conviction must be pleaded. According to defendant, it is undisputed that he cannot be convicted of third-degree assault in this case without proof that he aided and abetted with "intent to promote or facilitate the commission of the crime." ORS 161.155(2)(b). Thus, he asserts, that intent is a material element of the offense, which must be pleaded in the indictment.

Defendant's argument is not without persuasive force. We have defined a "material element" as "one that the state *must* prove to establish the crime charged." *State v. Reynolds*, 183 Or App 245, 249, 51 P3d 684, *rev den*, 335 Or 90 (2002) (emphasis in original). We also have held that proof that varies from an indictment is impermissible if it pertains to a material element not pleaded. *State v. Crawford*, 179 Or App 160, 163-64, 39 P3d 917 (2002); *State v. Newman*, 179 Or App 1, 10-11, 39 P3d 874 (2002). In this case, as the state concedes, defendant may not be convicted of third-degree assault in the absence of proof of a fact that was not pleaded in the indictment, namely, his intent to promote or facilitate the commission of the crime. It would seem necessarily to follow logically that defendant's intent is a "material element" that must first be pleaded before he may be convicted on a theory

that he aided and abetted the commission of the crime with which he was charged.

But, as anyone who has studied future interests knows, the law does not always flow logically from stated premises. It is sometimes a product of accidents of history that cannot be squared with bare reason. Indeed, for over a century down to the present day, the law of accomplice liability has been subject to the criticism that it reflects no coherent set of criminal law principles or policies. *Compare* Joel Prentiss Bishop, 1 *Commentaries on Criminal Law* § 673, 397-98 (5th ed 1872) (traditional rule of accomplice liability "rests solely on authority; for it is without foundation either in reason or the ordinary doctrines of the law") *with* Joshua Dressler, *Reassessing the Theoretical Underpinnings of Accomplice Liability: New Solutions to an Old Problem*, 37 Hastings LJ 91, 92-93 (1985) (rules of accomplice liability "deviate[ ] from the normal rules of criminal liability" and may be "unjust, and not incidentally, counter-utilitarian").

As we have noted, proof of intent to promote or further the commission of the crime always has been required to establish criminal liability on a theory of aiding and abetting, even before the enactment of ORS 161.155(2)(b). In particular, proof of such intent was required when the Supreme Court decided *Glenn* and we decided *Capitan*. Yet, even then, the courts did not hesitate to conclude that one charged with a crime may be found guilty upon proof that he or she aided and abetted in its commission. In light of *Glenn* and *Capitan*—and in light of the legislature's expressed intention merely to reflect existing law with the enactment of ORS 161.150 and ORS 161.155(2)(b)—we must conclude that, under current law as well, a defendant may be indicted as a principal and convicted upon proof that he or she aided and abetted the commission of the crime.

It may also be asserted that, notwithstanding traditional principles of criminal law, the Due Process Clause of the federal constitution requires that a defendant receive notice by way of specific pleading in a charging instrument that he or she is at risk of criminal liability on an aid and abet theory.[2] The argument, however, has been considered and

---

[2] Defendant does mention that, as a matter of federal constitutional law, all elements of an offense must be pleaded, although it is debatable whether the

rejected on the ground that, because of the well-settled nature of accomplice liability law, any defendant indicted as a principal is on notice that he or she may be convicted on proof of being an accomplice. *See, e.g., Hill v. Perini*, 788 F2d 406, 407 (6th Cir), *cert den*, 479 US 934 (1986) ("a defendant may be indicted for the commission of a substantive crime as a principal offender and convicted of aiding and abetting its commission although not named in the indictment as an aider and abetter without violating federal due process"); *Quigg v. Crist*, 616 F2d 1107, 1111 (9th Cir), *cert den*, 449 US 922 (1980) (same); *Morris v. State*, 630 P2d 13, 15-16 (Alaska 1981) (same); *Vasquez*, 792 A2d at 871 (same); *State v. Rodriquez*, 78 Wash App 769, 771, 898 P2d 871, 873-74 (1995), *rev den*, 128 Wash 2d 1015, 911 P2d 1343 (1996) (same).[3]

In summary, we conclude that the trial court did not err in denying defendant's motion for a judgment of acquittal based on evidence that defendant aided and abetted the commission of the crime.

Defendant also assigns error to the imposition of his sentence, which he contends was based on an erroneous calculation of his criminal history score. According to defendant, the court based its calculation on sentencing guidelines that, although approved by the legislature, were not published in full in the enactment process as required by Article IV, section 22, of the Oregon Constitution. We addressed, and rejected, the same argument in *State v. Norris*, 188 Or App 318, 330-45, 72 P3d 103, *rev den*, 336 Or 126 (2003).

Affirmed.

---

argument is sufficiently developed to have been preserved. *State v. Riggs*, 143 Or App 427, 430, 923 P2d 683, *rev den*, 325 Or 247 (1997) (merely citing constitutional provision does not necessarily preserve an argument under it).

[3] The Oregon Supreme Court adopted similar reasoning in *Steeves* in concluding that there is no state constitutional impediment to applying the traditional rules of accessory liability. The court explained, "When the accessory before the fact is charged with the commission of the overt act, he is thereby substantially informed of 'the nature and cause of the accusation against him.'" 29 Or at 92.